IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:23-cv-24-ECM-SMD |
| v. | ) |
| | ) |
| RETIREMENT SYSTEM OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Peter J. Smith ("Smith") has filed a complaint alleging that several officers with the Montgomery Police Department ("MPD") asked him to leave the Retirement System of Alabama ("RSA") building in Montgomery, Alabama, after he used the first-floor restroom. Compl. (Doc. 1). The undersigned previously granted Smith leave to proceed *in forma pauperis* and stayed service pending review of Smith's complaint under 28 U.S.C. § 1915(e). Order (Doc. 6). Pursuant to that review, the undersigned ordered Smith to file an amended complaint that complies with the Federal Rules of Civil Procedure and the undersigned's specific directives. Order (Doc. 7). Smith was afforded until April 24, 2023, to do so, and was specifically warned that "**his failure to comply with this order will result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court.**" *Id*. at pp. 6, 7. (emphasis in original).

On April 26, 2023, Smith, who is a frequent pro se litigant in this Court, filed a document requesting from the Clerk of Court two affidavits to proceed *in forma pauperis*

and demanding a jury trial.[1] Notice (Doc. 8). Because Smith's filing is not an amended complaint, his original complaint remains operative. Pursuant to 28 U.S.C. § 1915(e) review, the undersigned recommends that Smith's complaint be dismissed because it does not comply with federal pleading standards and because Smith has failed to abide by Court orders.

I.   **FACTUAL ALLEGATIONS**

Smith alleges that, on November 14, 2022, several MPD officers asked him to leave the RSA building after he used the first-floor restroom. Compl. (Doc. 1) pp. 1-2. Smith suggests that he was asked to leave because he has pending federal civil lawsuits against, *inter alia*, the City of Montgomery and RSA. *Id*. at 2. Smith alleges that he has two bank accounts with Regions Bank, which is located in the RSA tower, and that he is a black male who is "vested" in the RSA. *Id*. at 3. Smith seeks $900 million in damages. *Id*.

II.   **JURISDICTION**

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: (1) cases that "aris[e] under" federal law, § 1331, and (2) cases in which the amount in controversy

---

[1] As noted, Smith was already proceeding *in forma pauperis* in this matter when he requested affidavits to proceed *in forma pauperis*. *See* Order (Doc. 6). Also, Smith had previously made a jury demand when he filed his complaint. Compl. (Doc. 1) p. 1.

exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019). Courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377.

Smith does not set forth the basis for this Court's jurisdiction in his complaint. Nor does he identify his claims or otherwise indicate the statutes under which his claims arise. But based on a liberal construction of the complaint, it appears that Smith is attempting to assert a race discrimination claim and a retaliation claim for filing a previous suit against RSA in violation of his constitutional rights. These claims arise under federal law, giving this Court jurisdiction over the complaint. *See* 28 U.S.C. § 1331; 42 U.S.C. § 1983.

### III.  PLEADING REQUIREMENTS

In the Eleventh Circuit, a federal district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a district court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted,"[2] or (iii) "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A reviewing court has broad discretion to manage its *in forma pauperis* cases and determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

---

[2] Because "[t]he language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," courts in this Circuit "apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim on which relief may be granted, a complaint must meet the pleading standards set forth in the Federal Rules of Civil Procedure. *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019). Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 also requires that each allegation in the complaint "be simple, concise, and direct." FED. R. CIV. P. 8(d). Rule 10 requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Thus, to comply with federal pleading standards, a complaint must—at a minimum—set forth claims in numbered paragraphs as required by Rule 10 and allege sufficient facts for the court to reasonably infer that a defendant's actions were unlawful.

In conducting § 1915 review, a court should liberally construe the pleadings of the pro se plaintiff and hold the allegations within the complaint to less stringent standards than those drafted by lawyers. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). A reviewing court should freely give a pro se plaintiff leave to amend a deficient pleading. *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010). However, a court need not give a pro se plaintiff leave to amend "where amendment would be futile"[3]—i.e., where the complaint as amended would still be subject to dismissal.[4]

---

[3] *Stringer*, 392 F. App'x at 760.

[4] *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

## IV. DISCUSSION

### A. Smith's Complaint Does Not Meet Federal Pleading Standards

Smith's complaint violates the federal pleading standard and does not give RSA adequate notice of the claims against it. Specifically, Smith's complaint does not provide the basis of this Court's jurisdiction; it does not set forth individual claims; and it does not identify the facts showing how RSA harmed him. Instead, the only well-pleaded factual allegations in the complaint are that MPD officers, whom Smith does not allege to be affiliated with RSA, requested that he leave the RSA building. These allegations are insufficient to meet the federal pleading standards and show that Smith is entitled to relief against RSA. Therefore, the complaint should be dismissed.

### B. Smith Failed to Comply with Court Orders

Pursuant to Federal Rule of Civil Procedure 41(b), a court may *sua sponte* dismiss a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure, or follow a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); FED. R. CIV. P. 41(b).[5] A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). *See also Mingo v. Sugar*

---

[5] *See also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).

*Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket").

In this matter, Smith was ordered to file an amended complaint on or before April 24, 2023. Order (Doc. 7). Smith was specifically warned that his failure to do so would result in the undersigned recommending that his case be dismissed for failure to prosecute and/or abide by Court orders. *Id*. at p. 5. As of today's date, Smith has not filed an amended complaint, and he has not requested an extension of time to do so. Nothing in the docket shows that Smith did not receive the undersigned's order requiring amendment. Therefore, because Smith has failed to abide by the Court's orders and file an amended complaint, and because he has been forewarned of the consequences of his failure to do so, Smith's complaint should be dismissed without prejudice. *See, e.g.*, *Brown*, 205 F. App'x at 802-03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citation omitted).

## V.   CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Smith's Complaint (Doc. 1) be DISMISSED without prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 9, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of May, 2023.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE